UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRANCE JOHNSON | CIVIL ACTION |
| VERSUS | NO.: |
| MARLIN GUSMAN, GARY MAYNARD, NICOLE HARRIS, JANE DOE, AND JOHN DOE | SECTION: |

## COMPLAINT

THE COMPLAINT OF TERRANCE JOHNSON, a person of full age and majority, who is domiciled in the Parish of Orleans, State of Louisiana, respectfully represents:

### THE PARTIES

1.

Plaintiff Terrance Johnson is a person of full age and majority, domiciled in the Parish of Orleans in the State of Louisiana. At all times pertinent he was a pretrial detainee in the custody of the Orleans Parish Sheriff's Office housed in the Orleans Justice Center Jail in New Orleans, Louisiana. Subsequent to the pertinent events he pled guilty to state court charges, completed his sentence, and was released from custody.

2.

Defendant Marlin Gusman is and was at all times pertinent the elected sheriff of Orleans Parish in the State of Louisiana, and he is the chief law enforcement officer and head of the Orleans Parish Sheriff's Office. He has overall responsibility for the policies, procedures, operations, and supervision of the Orleans Parish Sheriff's Office and its employees, and he has custody and control over the Orleans Justice Center Jail. He is a resident of full age and majority of the Eastern District of Louisiana. He was at all times pertinent a final policy maker of the Orleans Justice Center Jail.

1

3.

Defendant Gary Maynard was at all times pertinent the court-appointed Independent Jail Compliance Director, who was charged with the authority over the entire prisoner population in the custody of the Orleans Parish Sheriff's Office and held final authority to operate the Orleans Justice Center Jail. He was a final policy maker of the Orleans Justice Center Jail. He is believed to be a resident of full age and majority of the Eastern District of Louisiana. Mr. Maynard was an independent contractor of the Orleans Parish Sheriff's Office.

4.

Defendant Nicole Harris was at all times pertinent an employee of the Orleans Parish Sheriff's Office, and she was the warden of the Orleans Justice Center Jail. She had at all times pertinent responsibility for the policies, procedures, and operations of the Orleans Justice Center Jail and its employees, including determining staffing, security, and inmate supervision policies. She is believed to be a resident of full age and majority of the Eastern District of Louisiana.

5.

Defendant Jane Doe is an employee of the Orleans Parish Sheriff's Office and is an Orleans Parish Sheriff's Deputy, whose identity is not yet known.

6.

Defendant John Doe is an employee and a ranking officer of the Orleans Parish Sheriff's Office, whose identity is not yet known.

**JURISDICTION**

7.

This court has jurisdiction over the subject matter of this suit pursuant to 42 U.S.C. § 1983 and 1988, as well as the Eighth and Fourteenth Amendments to the Constitution of the United States.

8.

This court further has federal question jurisdiction over claims asserted herein under 28 U.S.C. § 1331 as well as supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

9.

On November 30, 2017, plaintiff was a pretrial detainee, in the custody of defendants and the Orleans Parish Sheriff's Office, in the Orleans Justice Center Jail situated in New Orleans, Louisiana, awaiting trial on state charges.

10.

At approximately 11:00 a.m. on November 30, 2017, plaintiff was in his prison cell. The locks to the cell were under the electronic control of defendant Jane Doe, who was working in an area colloquially known to inmates and sheriff's personnel as "the key."

11.

Immediately before, during, and after the incident that forms the basis of this suit, no prison guard or other Orleans Parish Sheriff's Office employee was in the immediate vicinity of the inmates' cells in the cell block, the area colloquially known to inmates and sheriff's personnel as "the pod."

12.

Defendant Jane Doe was aware she was the only person monitoring and in the vicinity of the inmates at that time.

13.

Without notifying any other jail personnel, defendant Jane Doe left her post at the key and left the area empty for several minutes. At all times pertinent, the doors to the cells in the pod in which plaintiff was housed were left unlocked by Defendant Jane Doe.

14.

A group of inmates became aware of Jane Doe's absence, and seeing an opportunity with the cells being unlocked and no guards monitoring the inmates, they entered plaintiff's cell and beat him severely. One inmate stabbed plaintiff in the eye with an unknown contraband weapon. Plaintiff sustained severe injuries to his body and mind as a result of this attack, particularly to his eye, which was injured to such extent it was later surgically removed. Jane Doe eventually returned to her post in the key after the attack had concluded, and plaintiff was finally able to get her attention in order to report the incident and receive medical treatment.

15.

At all times pertinent, defendant John Doe was the ranking officer immediately responsible for staffing the area of the jail in which plaintiff was housed and was also the immediate supervisor of defendant Jane Doe.

16.

In abandoning her post in the key, leaving the inmate cells unlocked, and knowingly leaving the inmates completely unsupervised, defendant Jane Doe acted with deliberate indifference to the safety of plaintiff and the other inmates in the pod. Defendant Jane Doe had actual knowledge of the risks of leaving inmates unsupervised and in unlocked cells, as she was aware of other incidents of violence among poorly or unsupervised inmates in the Orleans Justice Center and Orleans Parish Prison. Moreover, she was aware of inmates in the pod being housed

for the commission or alleged commission of violent crimes. Nonetheless, she chose to ignore the risk of harm to plaintiff and the other inmates and abandoned her post.

17.

The Orleans Justice Center jail and former Orleans Parish Prison under Sheriff Marlin Gusman's watch have had a remarkable history of prisoner-on-prisoner violence, attributable to inadequate staffing, inadequate training, inadequate contraband controls, and inadequate supervision of employees; these inadequacies were and remain pervasive and chronic issues of the jail. Sheriff Gusman and Gary Maynard had actual knowledge of these issues, as evidenced by the numerous violent incidents, lawsuits, publicity, independent monitor reports, and a federal consent decree that remains in effect addressing the safety and supervision of inmates. Sheriff Gusman and Gary Maynard had at all times pertinent the ultimate hiring, firing, and policy-making authority in the Orleans Parish Prison.

18.

At all times pertinent, despite the history of violent incidents and federal consent decree, Sheriff Gusman and Gary Maynard failed to implement and enforce adequate policies and procedures to protect inmates, failed to properly supervise and train Orleans Parish Sheriff's Office employees in inmate protection and contraband control, maintained a Constitutionally inadequate number of prison guards on staff, and permitted a culture of apathy and disregard for inmate safety among jail employees, which collectively amount to Unconstitutional deliberate indifference to the safety and welfare of inmates including plaintiff. Sheriff Gusman and Gary Maynard were on notice of the substantive potential harm of the jail's policies and permitted customs of inadequate supervision, inadequate staffing, inadequate contraband control, and inadequate training among his employees, yet they permitted these customs to remain as status quo.

19.

Although the court order appointing an Independent Compliance Director may or may not have had the effect of limiting defendant Marlin Gusman's direct control over the operations of the Orleans Justice Center Jail on the date of the attack on plaintiff, Sheriff Gusman is responsible for the longstanding practices and customs of inadequate staffing, inadequate supervision, inadequate contraband control, and inadequate training of Orleans Parish Sheriff's Office employees, which practices and customs began well prior to any abdication of authority or control over the operations of the Orleans Justice Center jail.

20.

Despite the appointment of defendant Gary Maynard having been in effect for over a year at the time of the attack on plaintiff, Constitutionally adequate policies and procedures for the protection of inmates had not been established or, to the extent that policies were established, defendants acquiesced in the custom of pervasive failure to follow the policies and procedures among Orleans Parish Sheriff's Office employees. Defendants Marlin Gusman, Gary Maynard, and Nicole Harris failed to adequately train employees in Constitutionally adequate procedures for the protection of inmates, despite the obvious need for training of employees.

21.

Defendants Marlin Gusman, Gary Maynard, Nicole Harris, and John Doe failed to properly staff the block of the jail housing plaintiff and further failed to adequately supervise and train Jane Doe in matters of inmate safety and supervision. Marlin Gusman Gary Maynard, Nicole Harris, and John Doe acted with deliberate indifference to the safety of plaintiff by ignoring the known risks and allowing, time and again, the cell block to be understaffed and the inmates to be unsupervised.

22.

The deliberate indifference of defendants Marlin Gusman, Gary Maynard, Nicole Harris, John Doe, and Jane Doe were the proximate cause of the injuries sustained by plaintiff.

23.

Under color of state law, defendants Marlin Gusman, Gary Maynard, Nicole Harris, John Doe, and Jane Doe violated clearly established law and deprived plaintiff of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

24.

Although Gary Maynard was an independent contractor of the Orleans Parish Sheriff's Office and not an employee or *per se* state actor, by assuming a role as prison director customarily within the purview of the State, he acted under color of State law in depriving plaintiff of his Constitutional rights.

25.

Plaintiff has sustained and will sustain past, present, and future pain and suffering, medical expenses, loss of earning capacity, permanent disfigurement and disability, caused by the negligence and deliberate indifference toward his safety as a pretrial detainee by defendants.

26.

Since the incident, plaintiff has been released from incarceration and has been fitted with a glass eye which will require future medical care and periodic replacement through the remainder of his life.

27.

Through information and belief, none of the inmates who attacked plaintiff was disciplined or charged as a result of the attack on plaintiff.

## STATEMENT OF CLAIMS

28.

Defendants, through the above described acts and omissions, acted under color of state law and deprived plaintiff of his Constitutional Rights, specifically but not limited to his 14th Amendment right to due process and his 8th Amendment right to be free from cruel and unusual punishment.

29.

Plaintiff further brings an action of negligence against defendants under Article 2315 of the *Louisiana Civil Code*, as factually set forth through the negligent acts and omissions of defendants herein. Defendants John Doe, Marlin Gusman, Nicole Harris, and Gary Maynard are further liable under Louisiana's doctrine of *respondeat superior* for the negligent actions and omissions of Jane Doe, who was acting within the course and scope of her employment at all times pertinent. Defendants Marlin Gusman, Nicole Harris, and Gary Maynard are further liable under Louisiana's doctrine of *respondeat superior* for the negligent actions and omissions of John Doe, who was acting within the course and scope of his employment at all times pertinent.

## DAMAGES

30.

Plaintiff seeks and is entitled to compensatory general and special damages for his past, present, and future pain and suffering, medical expenses, permanent disfigurement and disability, loss of enjoyment of life, attorneys' fees pursuant to 48 U.S.C. § 1988, and costs of these proceedings.

31.

Plaintiff respectfully requests a trial by jury on all issues.

**WHEREFORE,** plaintiff TERRANCE JOHNSON prays, after due proceedings held, judgment issue in his favor and against defendants MARLIN GUSMAN, GARY MAYNARD, NICOLE HARRIS, JANE DOE, AND JOHN DOE for such damages as reasonable in the premises, attorney's fees and costs, and all other available general and equitable relief.

        RESPECTFULLY SUBMITTED:

        */s/Branden Villavaso*
**BRANDEN VILLAVASO (#34805)**
**NICHOLAS S. LINDNER (#31841)**
631 Saint Charles Avenue
TE:  (504) 812-1762
Fax: (504) 267-2062

*Attorneys for Terrance Johnson*